UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL Lietz, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION, et al.,<br><br>Defendants. | Case No. 1:22-cv-00209-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court are Nampa City Defendants' Motion to Dismiss (Dkt. 10), Canyon County Defendants' Motion to Dismiss (Dkt. 14), Plaintiffs' Motion to Appoint Next Friend (Dkt. 20), and two motions by Plaintiffs for oral argument (Dkts. 28 & 31). For the reasons discussed below, the Court will grant the defendants' motions in part and deny them in part. The Court will also deny all three of Plaintiffs' motions.

## BACKGROUND

In May 2020, state and federal law enforcement officers executed a federal search warrant on Plaintiffs' home. Based on prior monitoring and investigation, law enforcement believed Plaintiffs Lietz and Ren were involved in the distribution

MEMORANDUM DECISION AND ORDER - 1

of illicit drugs. The warrant authorized a search of Plaintiffs' residence and vehicles, and the seizure of certain items of personal property.

When law enforcement began executing the warrant on the morning of May 14, 2020, the encounter quickly turned confrontational. Although many of the facts surrounding execution of the warrant will likely be disputed, it is undisputed that Plaintiffs Lietz and Ren were detained, transported, and interrogated at the Nampa Police Department.

On May 12, 2022, Paul Lietz filed a pro se complaint listing himself and three other individuals—all residents of the home where the search was conducted—as plaintiffs. An exhaustive review of the Complaint's factual allegations is not necessary at this stage. For now, suffice to say that Plaintiffs believe law enforcement acted unlawfully in carrying out the search, detentions, and interrogations. The plaintiffs now bring twenty-nine claims against twenty named defendants under *Bivens*, 42 U.S.C. § 1983, and the Federal Tort Claims Act.

Two sets of defendants—Nampa City Defendants[1] and Canyon County

---

[1] City of Nampa; Nampa Police Department; Michael Coronado; and Angel Calderon.

**MEMORANDUM DECISION AND ORDER - 2**

Defendants[2] (together "Defendants")—have moved to dismiss the Complaint on various grounds. Dkts. 10 & 14. Today, the Court takes up those motions in turn.

## NAMPA CITY DEFENDANTS' MOTION TO DISMISS

### A.     The Nampa Police Department is not a suable entity.

Nampa City Defendants first argue that the Nampa Police Department is not a suable entity. The Court agrees and will dismiss the Nampa Police Department from this action.

Federal courts look to state law to determine whether a municipality or department may sue or be sued. Fed. R. Civ. P. 17(b)(3); *Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). As this Court has explained, "Idaho statutory and common law is silent with regard to [a police department's] ability to be sued separately." *Duarte v. City of Nampa*, 2007 WL 1381784, at *2 (D. Idaho Mar. 13, 2007). Accordingly, this Court has consistently agreed with the "majority of federal courts . . . that [a police department] is a subdivision of the City [] and cannot be sued separately." *Id.* at *3; *see also Johnson v. City of Caldwell*, 2015 WL 5319012 (D. Idaho Sept. 11, 2015) (Caldwell Police Department not a proper

---

[2] Canyon County; Canyon County Sheriff's Dept.; Cary Salazar; Justin Wright; Shawn Weigelt; Shawn Parker; Ken Nicodemus; Isaac Hodges; Michael Armstrong; Trevor Heim; Chad Bingham; and Bryce Moor.

**MEMORANDUM DECISION AND ORDER - 3**

party); *Paddock v. Ballou*, 2018 WL 1902678 (D. Idaho Apr. 20, 2018) (same). Most relevant is *Duarte v. City of Nampa* where this Court held that the Nampa Police Department was not a proper defendant because it "is in fact a subdivision of the City of Nampa." *Id.* The Court reaches that same conclusion here and will therefore dismiss the Nampa Police Department from this case.

  **B.** **Lietz was not required to post bond under Idaho Code § 6-610(2) before bringing his claims against Canyon County Defendants and Nampa City Defendants.**

Next, Nampa City Defendants object that Lietz failed to file a bond as required under Idaho Code § 6-610(2). Canyon County Defendants raise the same objection in their motion, so the Court addresses both objections together.

In Idaho, a plaintiff must post a bond before bringing any state-law tort claim against a "law enforcement officer" for conduct arising out of or in the course of performance of his duties. I.C. § 6-610(2); *Bowman v. City of Boise*, 2022 WL 990560, at *1 (D. Idaho Apr. 1, 2022). "Law enforcement officers" include, among others, a "sheriff, constable, peace officer, state police officer . . . or any other person charged with the duty of enforcement of the criminal, traffic or penal laws of this state . . . ." I.C. § 6-610(1). The purpose of a bond is to ensure "diligent prosecution" of actions brought against law enforcement officers and to provide for payment of the defendant's costs and fees when a plaintiff is

MEMORANDUM DECISION AND ORDER - 4

unsuccessful. *Id.* If a plaintiff fails to post bond and the defendant objects, dismissal of the claim is mandatory. I.C. § 6-610(5). *Id.*

It is undisputed that the bond requirement does not apply to Lietz's federal law claims brought under 42 U.S.C. § 1983. *See Bowman*, 2022 WL 990560 at *1. The question, instead, is whether Lietz has asserted any state-law tort claims that are subject to the requirement. According to Lietz, the Complaint only includes "Federal and State Constitutional Claims and Federal Tort Claims." *Pl.'s Resp.* at 18, Dkt. 21. Indeed, he reports being "very careful not to allege claims under the Idaho Tort Claims Act." *Pl.'s Resp.* at 8, Dkt. 17. Defendants disagree, citing several sections of the Complaint that they believe assert state-law tort claims. *Def.'s Memo.* at 6, Dkt. 14.

After reviewing the Complaint, the Court agrees with Lietz that no state-law tort claims are brought against Canyon Count Defendants or Nampa City Defendants. Most of the sections Defendants point to assert claims against the DEA and its agents, not against Canyon County Defendants or Nampa City Defendants.[3] And several other sections identified by Defendants that may appear

---

[3] The DEA Defendants have not filed any objection or asserted that Lietz filed state-law tort claims against them. Thus, at this point, the Court need not analyze whether a bond was required before filing those claims.

**MEMORANDUM DECISION AND ORDER - 5**

at first glance to assert state law claims actually do not.[4]

For example, the second cause of action under the heading "Federal Tort Claims Act" alleges that officers Coronado and Calderon "committed battery" on Lietz. *Compl.* at 82-87, Dkt. 1. Because battery is a state-law tort, Defendants suggest the ITCA bond requirement applies. But, in reality, Lietz was plainly attempting to state a claim under the Federal Tort Claims Act, not state tort law. He cannot do so, of course, because the Federal Tort Claims Act permits lawsuits against federal officers, but not local government officers. The Court will not construe Lietz's claim as a state-law tort claim in order to justify dismissing the complaint for failure to post bond. Rather, the Court will simply dismiss all of Lietz's Federal Tort Claims Act claims against Canyon County Defendants and Nampa City Defendants because they fail as a matter of law. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

---

[4] Although Lietz's nineteenth cause of action is entitled "Unlawful Battery on Lietz," the Court has reviewed the substance of that claim the finds that it is actually a § 1983 claim for an alleged violation of the United States Constitution, not a state-law tort claim. *Compl.* at 70-73, Dkt. 1. Similarly, Lietz's twentieth cause of action, entitled "Failure of Superior to Protect Lietz Against the Battery from Subordinate," alleges an equal protection violation rather than a state-law tort claim. *Compl.* at 74, Dkt. 1. Thus, neither claim invokes the ITCA's bond requirement.

**MEMORANDUM DECISION AND ORDER - 6**

Defendants also attempt to infer state-law negligence claims from Lietz's factual allegations. But Lietz denies making any such claims, *Pl.'s Resp.* at 9, Dkt. 17, and after an independent review of the Complaint, the Court has not identified any.

The Complaint does assert state-law claims for alleged violations of Article 1 § 17 of the Idaho Constitution. *Compl.* at 61, Dkt. 1. But "this Court has repeatedly refused to recognize a direct cause of action for violations of the Idaho Constitution." *Hill v. County of Benewah*, 2020 WL 1049905, at *4 (D. Idaho Mar. 4, 2020) (citing *Campbell v. City of Boise*, 2008 WL 2745121, at *1 (D. Idaho July 11, 2008)). That is, Idaho does not have any statute analogous to 42 U.S.C. § 1983 creating a cause of action for violations of the Idaho Constitution. *Campbell*, 2008 WL 2745121 at *1. Lietz's claims for violation of the Idaho Constitution therefore fail as a matter of law and will be dismissed with prejudice.

In sum, Lietz has not asserted state-law tort claims against Canyon County Defendants or Nampa City Defendants. He was therefore not required to post bond under Idaho Code § 6-610(2) before suing these defendants.

**C.      Lietz may not represent other plaintiffs pro se as a "next friend."**

Defendants object to Lietz's pro se representation of the other plaintiffs. Lietz responds by pointing to Rule 17(c) of the Federal Rules of Civil Procedure

MEMORANDUM DECISION AND ORDER - 7

and submitting affidavits to show his qualification as next friend. But Lietz misunderstands Rule 17(c).

Rule 17(c) provides:

**(1) With a Representative.** The following representatives may sue or defend on behalf of a minor or an incompetent person:
    (A) a general guardian;
    (B) a committee;
    (C) a conservator; or
    (D) a like fiduciary.

**(2) Without a Representative.** A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Lietz argues that this rule authorizes a next friend to provide *legal* representation to a minor or incompetent person. Not so. "While Rule 17(c)(2) allows a parent or other proper person to sue on behalf of an infant or incompetent, it does not authorize a non-attorney suing as next friend to proceed pro se. Rather, the general rule is that the next friend must retain counsel." Fed. R. Civ. P. 17, Rules and Commentary Rule 17. Even a parent or guardian "cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

The test under the next friend doctrine is set forth in *Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). In short, courts

**MEMORANDUM DECISION AND ORDER - 8**

look to the inability of a person to litigate his own case and his relationship with the proposed next friend. *Id.* But the Court does not even need to apply that test where, as here, the proposed next friend is a non-attorney seeking to proceed pro se on the other's behalf. Ninth Circuit precedent plainly forecloses such requests because "[i]t goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys." *Johns*, 114 F.3d at 876-77.

Lietz is not licensed to practice law in Idaho. Yet he brings this lawsuit pro se on behalf of himself and three other individuals. He purports to represent the others as "Next Best Friend" and submits affidavits to establish his relationship with the other plaintiffs. *Compl.* at 1, Dkt. 1. But regardless of whether he can satisfy the next friend doctrine, Lietz cannot represent the other plaintiffs' interests as a pro se litigant.

The Court will therefore dismiss Plaintiffs Ouch, Ren, and L.S. from this action without prejudice. *See John*, 114 F.3d at 878 (holding dismissal without prejudice was proper after non-attorney attempted pro se representation of minor).

## CANYON COUNTY DEFENDANTS' MOTION TO DISMISS

**A.     The Complaint fails to comply with Federal Rule of Civil Procedure 8 and 10, but dismissal is not the appropriate remedy.**

Canyon County Defendants ask the Court to dismiss Lietz's Complaint with

MEMORANDUM DECISION AND ORDER - 9

prejudice for failure to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Lietz responds that, as a pro se litigant, his complaint need not strictly comply with the technical rules. After carefully reviewing the Complaint and briefing, the Court finds that Lietz has sufficiently complied with the pleading requirements to survive the harsh remedy of dismissal.

The Federal Rules of Civil Procedure set forth several requirements for complaints filed in federal court. At the outset, Rule 8(a) instructs that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. That rule not only requires plaintiffs to state plausible claims, but also specifically directs that those statements be "short and plain." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[n]o technical form is required" for pleadings, Rule 8 goes on to provide a guiding principle for stating "short and plain" claims: "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Rule 10 also imposes certain requirements of form, such as inclusion of captions and the parties' names, and instructs that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The numbering requirement is not merely

stylistic. Rather, it ensures that claims are presented in such a way as to give defendants a fair opportunity to respond to the allegations in a complaint. 5A Charles Alan Wright et al, Fed. Prac. & Proc. Civ. § 1322 (4th ed. 2022) (Rule 10(b) ensures a "lucid pleading and permit[s] the framing of a response").

In the Ninth Circuit, failure to comply with the pleading requirements of Rules 8 and 10 can lead to dismissal of a complaint. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 675 (9th Cir. 1981); *Carrigan v. Cal. State Legislature*, 263 F.2d 560, 566 (9th Cir. 1959). However, the Ninth Circuit has explained that dismissal "is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431–32 (9th Cir. 1969)).

Pro se litigants are "subject to the same rules of procedure . . . as [those] who are represented by counsel." *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), *overruled on other grounds*, 293 F.3d 1080, 1084 (9th Cir. 2002). However, the Court liberally construes pro se pleadings and "takes a more lenient stance

towards their technical defects." *Cintron-Luna v. Roman-Bultron*, 668 F.Supp.2d 315, 318 (D.P.R. 2009); *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Thus, "inaccurate legal terminology or muddled draftsmanship" is not held against pro se litigants, and they are given more leeway under the pleading requirements of Rules 8 and 10. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

Lietz's Complaint does not strictly comply with the pleading requirements of Rules 8 and 10. The Complaint is anything but short, plain, concise, or direct. From the very beginning, the ninety-seven-page document includes a dizzying array of factual and legal arguments, conclusions, and case law quotations. *Compl.* at 2-7, 10, Dkt. 1. Indeed, as Defendants point out, much of the Complaint is argumentative and verbose. Additionally, other than a few numbered headings throughout, the paragraphs are not separately numbered as required by Rule 10(b). *Id*.

Nonetheless, the Court does not believe these deficiencies justify the harsh remedy of dismissal. First, although the Complaint is much longer than necessary, verbosity and excessive length are not alone enough to dismiss a complaint for failure to comply with Rule 8. *Hearns*, 530 F.3d at 1131. Nor is a failure to number paragraphs enough when the paragraphs are sufficiently separated and coherent.

**MEMORANDUM DECISION AND ORDER - 12**

Second, although the Complaint meanders, it does contain basic organization by section and sets apart the causes of action by plaintiff and defendant. *Compl.* at 25-97, Dkt. 1. And finally, among the Complaint's repetitious arguments are intelligible factual allegations against Canyon County Defendants. *Compl.* at 55-62, Dkt. 1.

In sum, despite errors in form, the substance of the allegations in the Complaint is discernible.[5] That is all that is required for a pro se plaintiff to survive dismissal for failure to comply with the technical pleading requirements of Rules 8 and 10.

The Ninth Circuit has noted that, because dismissal "is a harsh remedy, our precedent is clear that the district court 'should first consider less drastic alternatives.'" *Hearns*, 530 F.3d at 1132. Defendants might, for example, demand a more definite statement under Rule 12(e). *See Hearne v. Welch &* Allan, 2006 WL 22184, at *4 (D. Idaho Jan. 4, 2006) ("[M]otions for more definite statements are encouraged as tools to weed out meritless claims and clarify insufficient complaints.") (citing *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th

---

[5] This Order only addresses whether the Complaint sufficiently satisfies the pleading requirements of Rules 8 and 10 to withstand dismissal. However, the question of whether the Complaint is legally and factually sufficient to state plausible claims against Canyon County Defendants has not been raised and is not resolved by this Order.

Cir. 2002)). Or Defendants could, under Rule 12(f), move to strike from the Complaint "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Either of these alternatives could provide a less drastic remedy for Defendants concerns.[6]

In sum, although the Complaint does not strictly comply with the pleading requirements of Rules 8 and 10, the Court finds that dismissal is not an appropriate remedy at this point.

## PLAINTIFFS' MOTIONS

Three of Plaintiffs' motions are before the Court. The first, a Motion to Appoint Next Friend (Dkt. 20), will be denied for the reasons explained above.[7] The other two motions request oral argument on Canyon County Defendants' Motion to Dismiss and on Plaintiffs' Motion to Appoint Next Friend. After thoroughly reviewing the briefing, the Court found oral argument unnecessary and issued this Order on the briefing alone. Plaintiffs' requests for oral argument will therefore be denied.

---

[6] However, the Court does not rule out the possibility that, if Lietz is given the opportunity and fails to clarify his allegations, dismissal could become an appropriate remedy.

[7] Lietz may be eligible to represent the interests of Ouch, Ren, and L.S. as a next friend upon retention of counsel. All the Court decides today is that Lietz cannot represent those plaintiffs as a pro se litigant under the next friend doctrine.

**MEMORANDUM DECISION AND ORDER - 14**

# ORDER

**IT IS ORDERED that:**

1. Nampa City Defendants' Motion to Dismiss (Dkt. 10) is **GRANTED in part and DENIED in part**. The Motion is granted to the extent that:

    a. The Nampa Police Department is **dismissed** from this case.

    b. All claims under the Federal Tort Claims Act against Nampa City Defendants are **dismissed with prejudice**.

    c. All claims based on alleged violations of the Idaho Constitution are **dismissed with prejudice**.

    d. And all claims on behalf of Plaintiffs Ouch, Ren, and L.S. are **dismissed without prejudice**.

2. Canyon County Defendants' Motion to Dismiss (Dkt. 14) is **GRANTED in part and DENIED in part**. The Motion is granted to the extent that:

    a. All claims under the Federal Tort Claims Act against Canyon County Defendants are **dismissed with prejudice**.

    b. All claims based on alleged violations of the Idaho Constitution are **dismissed with prejudice**.

    c. All claims on behalf of Plaintiffs Ouch, Ren, and L.S. are

      **dismissed without prejudice**.

3.    Plaintiffs' Motion to Appoint Next Friend (Dkt. 20) is **DENIED**.

4.    Plaintiffs' motions for oral argument (Dkts. 28 & 31) are **DENIED**.

DATED: December 1, 2022

B. Lynn Winmill
U.S. District Court Judge