UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL LIETZ,<br><br>Plaintiff,<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION, et al.,<br><br>Defendants. | Case No. 1:22-cv-00209-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court are two motions for entry of default filed by Plaintiff Paul Lietz. Dkts. 39 & 42. For the reasons explained below, both motions will be denied.

## BACKGROUND

Plaintiff Paul Lietz filed this lawsuit after state and federal law enforcement executed a search warrant on his home. He claims that the officers acted unlawfully during the search and subsequent detentions and interrogations. Dkt. 1. His complaint, filed May 12, 2022, advances twenty-nine claims against twenty named defendants. *See id.*

Two groups of law enforcement authorities make up the defendants in this

case: local law enforcement ("Local Defendants")[1] and federal law enforcement ("Federal Defendants")[2]. After partially prevailing on their motions to dismiss, the Local Defendants stipulated to a settlement and Lietz voluntarily dismissed his claims against them with prejudice. Dkt. 53. What remains of this action, then, are Lietz's claims against the Federal Defendants.

Unlike the Local Defendants, the Federal Defendants have not responded to Lietz's complaint. For that reason, Lietz now asks the Court to enter default against them under Federal Rule of Civil Procedure 55(a). As the defendants explain, however, their time to respond to the complaint has not even started to run because Lietz has not properly served process under Federal Rule of Civil Procedure 4(i).

Lietz's two motions for entry of default are fully briefed and properly before the Court. As explained below, the Court will deny both motions but will extend the time for Lietz to serve the Federal Defendants.[3]

---

[1] Local Defendants include the City of Nampa, Nampa Police Department, Michael Coronado, Angel Calderon, Canyon County, the Canyon County Sheriff's Department, Cary Salazar, Justin Wright, Shawn Weigelt, Shawn Parker, Ken Nicodemus, Isaac Hodges, Michael Armstrong, Trevor Heim, Chad Bingham, and Bryce Moor.

[2] Federal Defendants include the Drug Enforcement Administration (DEA), Special Agent Colin Fine, Special Agent David Clyde, Special Agent Dustin Bloxham, and Special Agent Brandon Poggi.

[3] Although Lietz filed two separate motions for entry of default (one for Defendant (Continued)

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

**1.    Entry of Default**

In federal court, a plaintiff may obtain a default against a defendant who fails to timely respond to a complaint. FED. R. CIV. P. 55(a). Then, once a default is entered, the plaintiff may seek entry of default judgment (1) from the Clerk of Court if the sum is certain or can be made certain by computation or (2) upon application to the Court in all other cases. FED. R. CIV. P. 55(b)(1) & (2).

**2.    Service of Process**

To initiate a lawsuit, a plaintiff must serve a summons and copy of the complaint on the defendant. FED. R. CIV. P. 4(c)(1). The proper method of service depends on who the defendant is and where the defendant is located. To sue the United States, a federal agency, or a federal employee, a plaintiff must comply with the special service-of-process rules found in Rule 4(i) of the Federal Rules of Civil Procedure.

To sue a federal agency or a federal employee in her official capacity, a plaintiff must both (1) satisfy the requirements for serving the United States and (2) send a summons and copy of the complaint by registered or certified mail to the

---

Dustin Bloxham and one for the other Federal Defendants), both suffer the same infirmity. The Court will therefore address the motions together.

specific agency or employee being sued. FED. R. CIV. P. 4(i)(2). There are three requirements for serving the United States. *Id.* First, the plaintiff must either (i) personally deliver a summons and a copy of the complaint to the United States Attorney in the district where the action is brought, or (ii) send a copy of each by registered or certified mail to the U.S. Attorney's civil-process clerk in that district. FED. R. CIV. P. 4(i)(1)(A)(i-ii).[4] Second, the plaintiff must send a summons and copy of the complaint to the United States Attorney General in Washington, D.C., by registered or certified mail. FED. R. CIV. P. 4(i)(1)(B). And third, if the lawsuit involves a non-party federal agency or officer, the plaintiff must send a summons and copy of the complaint to that entity or person by registered or certified mail. FED. R. CIV. P. 4(i)(1)(C).

The service-of-process requirements for suing a federal employee in her personal capacity are slightly different. A plaintiff must (1) satisfy the above-listed requirements for serving the United States and (2) serve the employee in compliance with Rule 4(e), (f), or (g), whichever subsection is applicable. FED. R.

---

[4] Note, however, that under Federal Rule of Civil Procedure 4(c)(2), only a non-party may carry out service of process. In the context of Rule 4(i)(1)(A), that means a plaintiff must have a *non-party* either personally deliver or send the summons and complaint to the necessary recipients. That is to say, the plaintiff himself or herself cannot do the delivering or sending. *See Guthery v. U.S.*, 507 F.Supp.2d 111, 115 (D.C. Cir. 2007).

**MEMORANDUM DECISION AND ORDER - 4**

Civ. P. 4(i)(3).

Once a defendant has been served with a summons and complaint, her time to respond begins to run. Under Rule 12(a)(2), the United States, its agencies, and its employees who are sued in their official capacities must respond "within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2). Federal employees who are sued in their personal capacities must respond "within 60 days after service on the officer or employee or service on the United States attorney, whichever is later." Fed. R. Civ. P. 12(a)(3).

## ANALYSIS

1. **Lietz has not properly served the Federal Defendants and therefore is not entitled to entry of default.**

The key question here is whether Lietz has properly served the Federal Defendants. If he has, their 60-day response window may have closed, and default may be appropriate. If he has not, the time for those defendants to respond has not started and default is inappropriate.

The answer hinges on whether Lietz satisfied the first two requirements for service under Rule 4(i)(1); that is, whether he sent a summons and copy of the complaint by registered or certified mail to the U.S. Attorney's civil-process clerk in the District of Idaho and to the U.S. Attorney General in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1)(A)(i–ii). Doing so is a prerequisite to serving the United

States, and serving the United States is a prerequisite to serving federal agencies and federal employees (whether in their personal or official capacities). A failure to take either step therefore precludes a plaintiff from properly serving any federal agency or employee.[5]

Lietz sent a summons and copy of the complaint by Federal Express ("FedEx") to the U.S. Attorney General's Office in Washington, D.C., and to the U.S. Attorney's Office in Boise, Idaho. *See Ex. A*, Dkt. 39-2. But, as the Federal Defendants note, in the Ninth Circuit, FedEx does not count as "registered or certified mail" for purposes of Rule 4. *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1431 (9th Cir. 1996).[6]

Lietz protests that distinguishing between delivery by FedEx and registered

---

[5] For this reason, it is not enough that the U.S. Marshals personally served SA Dustin Bloxham. Again, as a prerequisite to serving a federal employee, a plaintiff must satisfy the requirements for serving the United States set forth in Federal Rule of Civil Procedure 4(i)(1).

[6] Lietz argues that *Magnuson v. Video Yesteryear* "singularly applies to Rule 5" and is therefore inapplicable here. *Pl.'s Reply* at 3, Dkt. 61. He is wrong for two reasons. First, the court in that case *did* specifically state that FedEx is not "mail" for purposes of Rule 4. Second, although it is true that a different subsection of Rule 4 was at issue in *Magnuson* (subsection (c) rather than subsection (i)), that is not the point. The court in *Magnuson* held that because FedEx does not constitute "mail" for purposes of Rule 4(c), it should not constitute "mail" for purposes of Rule 5(b). *Id.* at 1430–31. Rather, the term "mail" should be interpreted consistently—to exclude FedEx—whenever found in the Federal Rules of Civil Procedure. *Id.* ("It seems clear that in interpreting the term 'mail' differently for the purposes of different rules within the Federal Rules of Civil Procedure, courts are likely to cause great confusion."). That same principle applies here, where Rule 4(i)(1)(A)(ii) requires service by "registered or certified mail." Mail means mail.

or certified mail is merely semantic. And, practically speaking, he may be right that the difference between those methods of delivery is slight. Nevertheless, the procedural rules must be enforced as written if they are to mean anything. Rule 4(i)(1)(A)(ii) means what it says: the summons and a copy of the complaint must be sent to the U.S. Attorney General and the U.S. Attorney by "registered or certified mail." Not by some other means.[7]

At the end of the day, Lietz wants the Court to enter default against the Federal Defendants for not responding to a complaint that he has not properly served. Entry of default under these circumstances is plainly inappropriate. *See, e.g.*, *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside."). The Court will therefore deny both of Lietz's motions.[8]

---

[7] Lietz also cites Rule 4(e), which allows plaintiffs to serve process in accordance with state law. *Reply* at 5, Dkt. 61. But that rule applies only to service upon individuals within the United States, not service upon federal agencies and employees.

[8] In its Statement of Interest (Dkt. 40), the DEA also objects to the substance of Lietz's Complaint and asks the Court to strike portions of it, direct Lietz to amend it, or direct Lietz to show cause why it should not be dismissed. *Id.* But without briefing from both parties, the Court is not situated to analyze the defendants' substantive defenses. Accordingly, if the Federal Defendants wish to seek dismissal under Rule 12(b)(6), a more definite statement under Rule 12(e), or an order to strike under Rule 12(f), they must file an appropriate motion and give Lietz a chance to respond.

2.     **Extending the Time for Service**

Ordinarily, a plaintiff must serve a defendant within 90 days after filing a complaint. FED. R. CIV. P. 4(m). But courts frequently exercise discretion under Rule 4(m) to extend the time for service given to the relative complexity of the rules for serving federal defendants. *See Espinoza v. U.S.*, 52 F.3d 838, 842 (10th Cir. 1995) ("[T]he complex nature of the requirements of Fed. R. Civ. P. 4(i), particularly when the plaintiff is proceeding pro se, should be a factor for the district court's consideration when it determines whether a permissive extension of time should be granted under Rule 4(m).").

Lietz, a pro se litigant, made a reasonable attempt at serving the Federal Defendants under Rule 4(i). Although he fell short, the Court will give him an additional reasonable amount of time to complete service. In doing so, Lietz should carefully review and follow the requirements set forth in Federal Rule of Civil Procedure 4(i)(1), (2), and (3). If Lietz does not properly serve the defendants within that timeframe, the Court may dismiss his claims without further notice.

## ORDER

**IT IS ORDERED that** Plaintiff Paul Lietz's motions for entry of default (Dkts. 39 & 42) are **DENIED**. The time for Lietz to serve the Federal Defendants is hereby extended for 60 days after the issuance of this Order. If Lietz does not

file proof of service as to each of the Federal Defendants within that timeframe, his claims may be dismissed.

DATED: June 30, 2023

B. Lynn Winmill
U.S. District Court Judge